## William Charles, Plff. in Err., v. Charles Bishoff.

Although the entries in a book of account are not originals, they may be received in evidence, in connection with, and as corroborative of, testimony of witnesses.

An error of jury in returning a verdict for a sum greater than the evidence justifies, is one of fact, and cannot be corrected upon writ of error.

(Decided November 9, 1885.)

Error to the Common Pleas of Allegheny County to review a judgment for plaintiff. Affirmed.

Bishoff sued Charles before the recorder of Allegheny City in February, 1883, claiming $169.50, alleged to be for board and borrowed money, and obtained a judgment for that amount. Charles appealed to the common pleas, and Bishoff filed his affidavit of claim, in which he claimed the $169.50, "as set forth in the annexed bill" for board and borrowed money and interest from October 30, 1882. Charles filed an affidavit of defense denying any indebtedness to Bishoff. At the trial, Bishoff and his wife testified as to items of board and borrowed money, and a book of accounts was received in evidence under objection and exception by defendant. The jury gave a verdict for plaintiff for $198.38, and defendant moved the court for a new trial and arrest of judgment, which was refused; whereupon defendant brought this writ of error, assigning as errors: (1)

NOTE.—That the entries, though not original, may be used to corroborate other testimony is well settled in Pennsylvania. Donahue v. Connor, 93 Pa. 356; Young v. Com. 28 Pa. 501; Patton v. Ash, 7 Serg. & R. 116. Or the entry may be used by the witness to refresh his memory. Sailer v. Domestic Sewing Mach. Co. 34 Phila. Leg. Int. 115.

Objections to the excessiveness of a verdict found by a jury are to be made in the court below on the motion for a new trial, and not before the appellate court. Pennsylvania R. v. Spicker, 105 Pa. 142; Philadelphia, W. & B. R. Co. v. Gesner, 20 Pa. 240; Sergeant v. Ingersoll, 15 Pa. 343.

See the following editorial notes containing a full presentation of the authorities on their respective subjects:

A party's books of account as evidence in his own favor, note to Smith v. Smith, 52 L. R. A. 546; use of person's books of account as evidence upon issues between other parties, note to State Bank v. Brown, 53 L. R. A. 513; what is provable by books of account, note to Hall v. Chambersburg Woolen Co. 52 L. R. A. 689; partnership books of account as evidence, note to Chick v. Robinson, 52 L. R. A. 833; corporation's books of account, note to Rudd v. Robinson, 12 L. R. A. 473.

The admission of the account book in evidence; (2) the refusal of the court below to grant a new trial and to arrest the judgment on the ground that it was illegal and excessive.

*Whitesell & Sons,* for plaintiff in error.—Items charging board and cash are not for goods sold in the ordinary course of business, and the book containing them is not such a book of original entry as to be admissible in evidence. Gibbons' Estate, Legal Gaz. Rep. 10; Hale v. Ard, 48 Pa. 22.

At the time of offering evidence, some competent purpose should be stated as the ground of its reception, if it be not obviously competent on its face. Pittsburgh Coal Co. v. Foster, 59 Pa. 365.

It was held in the case of Linton v. Vogel, 98 Pa. 457, opinion by STERRETT, J.: "While it is true, in a certain sense, that on appeal from the judgment of a justice the proceedings are *de novo,* it is well settled that the cause of action cannot be changed, nor can the demand be increased beyond the limit of the justice's jurisdiction, except so far as to embrace interest which has accrued since the institution of suit. A verdict and judgment for more than that is conclusive that the action was either erroneously brought or improperly prosecuted. Darrah v. Warnoch, 1 Penr. & W. 21."

*C. C. Dickey* and *W. K. Shiras,* for defendant in error.—Cited as to admissibility in evidence of book of accounts, Donahue v. Connor, 93 Pa. 356.

PER CURIAM:

The book was not offered in evidence as one of original entries. It was in connection with, and corroborative of, the parol evidence. It was properly received.

If the jury committed an error in returning a verdict for a sum greater than the evidence justified, the corrective power was in the court below. It was an error of fact, which we cannot correct here. There is no error in law.

Judgment affirmed.